## BURRILL *versus* SAUNDERS & *als.*

If the obligee, in a poor debtor's bond, release the sureties and discharge the bond, by a writing under his hand, not under seal, a consideration may be proved, though none is mentioned in the writing.

And evidence that such obligee said the bond was *settled* or *arranged*, imports a valid transaction.

So a waiver of the conditions in such bond by the obligee, before the time appointed for a disclosure, is effectual without a consideration.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

DEBT, on a poor debtor's bond.

The execution of the bond was proved by a witness, who testified on his cross-examination, that subsequent to the date of the bond he met the parties, and plaintiff told him the bond was settled or arranged, and that there would be no disclosure upon it. He was at the place to perform some

act as an officer, to serve a citation or something in relation to the matter.

A paper signed by plaintiff was also read, of the following tenor : —

" Whereas, John L. Saunders of Swanville, has been arrested, on an execution issued by Benjamin Noyes, Esq., on a judgment in favor of me, the subscriber, William P. Burrill of Searsport, and has given a jail bond, signed by Benjamin Batchelder as his surety, and said Saunders having cited the creditor, I, the said creditor, do agree with said Saunders that said bond, (the same not being now within my reach to deliver,) is hereby made void, said Saunders discharged from said arrest, and his said surety and said bond released and discharged from any and all liability growing out of his said suretyship, leaving said judgment still unsatisfied and in full force, in favor of said Burrill against said Saunders."

The case was then taken from the jury and submitted to the full Court, for a decision according to the law applicable to the facts.

*Palmer,* for plaintiff.

The plaintiff is entitled to judgment unless barred by the writing introduced in the defence. That paper is not under seal and recites no consideration, nor does the testimony show any knowledge of any consideration having been paid. The writing is therefore merely void. Chitty on Contracts, 8 Am. Ed. p. 25 and 26.

There was no mutuality in the writing as a contract and cannot bind the plaintiff for that cause. *Cook* v. *Conley,* 3 T. R. 684.

Can it avail as evidence of a waiver ? The writing negatives any presumption of payment in part or in whole. It expressly stipulates that the judgment is to stand in full force.

Will it avail the surety ? Nothing was done or forborne by either principal or surety as a consideration for the contract to waive the condition of the specialty.

The rule as to principal and surety which obtains in promissory notes and other simple contracts does not apply to

bonds; as regards the plaintiff both are principals. 17 Johns. 169; 9 Wend. 336; 4 Greenl. 421; 24 Maine, 534.

*N. Abbott*, for defendant.

A poor debtor's bond is conditional, and no absolute liability accrues upon it, until after a failure to perform some one of its conditions within the time specified; hence, before the liability becomes absolute, by non-performance, (if not after,) it is competent for the obligee, without consideration, to give up the bond, or cancel it, or waive the performance of its conditions.

But if the conditions of the bond in suit, could not have been waived, without consideration, a sufficient consideration was proved.

If there is no consideration expressed in the paper introduced in defence, there is in the testimony of the witnesses; and the consideration for an agreement in writing, may be proved *aliunde*. Staples testified that the plaintiff admitted that the bond had been settled or arranged. That admission is equivalent to an admission that the bond had been settled or arranged, by the payment of a specified consideration. If a man admits that he has sold an article, the word "sold" carries by implication every thing necessary to constitute a legal sale.

So the admission, in this case, that the bond was settled or arranged, carries by implication whatever is necessary to a valid settlement or discharge of the bond.

The plaintiff by his agreement, induced the principal defendant not to disclose, and now seeks to take advantage of the omission, which he himself occasioned, and thereby charge the surety in the bond. Such an effort is manifestly in violation of the plainest principles of moral honesty; and, if sanctioned by our courts of justice, would be a reproach to our laws.

Tenney, J. — By a written memorandum signed by the plaintiff after he was notified by the principal obligor, of the intention of the latter to take the poor debtor's oath in fulfill-

ment of one of the conditions of the bond, and before disclosure, it was agreed that the bond, which was not within the reach of the plaintiff to be delivered up, should be made void, the debtor discharged from arrest, and the surety released and discharged from all liability growing out of said suretyship, leaving the judgment still unsatisfied and in full force against the debtor. This memorandum was not under seal and no consideration is expressly stated therein to have been received by the plaintiff; and of itself is insufficient as a release. But the agreement, notwithstanding, may be effectual to cancel the bond, if a consideration is proved *aliunde.* Statutes of 1851, c. 113. [213.]·

The case finds, that after the service of the citation upon the plaintiff, he said no discloure would be made, that the bond was *settled* or *arranged.* This, unexplained, imports a valid transaction; and the written agreement does not tend to show it otherwise. Although the judgment was to remain unsatisfied, yet other considerations than that of partial payment thereof may have passed from the debtor to the creditor. The language used by the latter will authorize such an inference.

On another ground, the defence must prevail. An express waiver of the condition may be as effectual without a consideration as the performance of that condition. Such is the case of an indorser upon a promissory note or bill of exchange. He is discharged ordinarily, unless demand is made upon the maker or accepter, and notice thereof seasonably given to him. If however he waives the right of demand and notice, without consideration, he is absolutely holden.

The express agreement of the plaintiff, that the bond was void, made after he was cited by his debtor, and before the time appointed to make the disclosure, must be treated as a relinquishment of the right to hold the obligors upon the bond on account of the failure to fulfil the conditions, and the waiver became effectual, without consideration.

A different construction would make the plaintiff guilty of

a successful attempt to practice a gross moral fraud, in order to fix by law, the liability of the surety.

*Plaintiff nonsuit.*